IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| BRYON AIELLO and MELISSA AIELLO, | : | |
| Plaintiffs, | : | Civil No. 20-17227 (RBK/KMW) |
| v. | : | **OPINION** |
| MARK GRUBELIC and KATHLEEN GRUBELIC and JOHN DOE (1-10) | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiffs' Motion to Remand (Doc. 4). For the reasons set forth below, the Motion to Remand is **GRANTED**. Plaintiffs also seeks an award of attorneys' fees and costs that they incurred due to Defendants' improper removal of the action to federal court. For the reasons below, the Court **GRANTS** Plaintiff's request for **ATTORNEYS' FEES AND COSTS**.

I.     BACKGROUND

On October 21, 2020, Plaintiffs filed their complaint in the Superior Court of New Jersey, Law Division, Cape May County, alleging injuries arising out of an incident when a dog owned by the Defendants encountered Plaintiff Bryon Aiello. (Compl. ¶ 6-9). Plaintiffs request damages in the amount of $250,000. (Doc 1). Defendants were served at their residence in Sea Isle City, New Jersey, where the incident took place, on October 28, 2020 and do not dispute service. (Doc. 1); (Doc.5). Plaintiffs are citizens of Wilmington, Delaware. Defendants filed a notice of removal to federal court on November 25, 2020, claiming diversity of citizenship under 28 U.S.C. §

1332(a). (Doc 1). Plaintiffs filed a motion to remand on December 14, 2020, asserting that Defendants' removal was improper under 28 U.S.C. § 1441(b)(2), as Defendants were citizens of New Jersey and properly served in New Jersey, the state in which the action was brought. (Doc. 4). Defendants filed a memorandum in opposition to Plaintiffs' motion to remand and opposed Plaintiffs' request for fees on January 5, 2021. (Doc. 5). Plaintiffs filed a memorandum in further support of their motion and request for fees on January 11, 2021. (Doc. 6).

## II. LEGAL STANDARD

### a. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. *Id*. A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Where a complaint does not raise a question of federal law, a district court may properly exercise subject matter jurisdiction only if the amount in controversy exceeds the value of $75,000 and diversity exists among the adverse parties. *See* 28 U.S.C. § 1332(a). Diversity exists when a controversy is between "citizens of different states." *Id*.

When a case is removable on the basis of diversity of citizenship under 28 U.S.C. § 1332(a), a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The citizenship of defendants sued under fictitious names is disregarded for the purposes of determining removal. 28 U.S.C. § 1441(b)(1). The removing party bears the burden of showing that the case is properly before federal court at all stages of the litigation. *Samuel–Bassett v. KIA*

*Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal requirements are to be strictly construed, and the Court should resolve all doubts in favor of remand. *Id*.

### b. Fees

Plaintiffs seek "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In determining whether to award fees, district courts should employ a balancing test, "recogniz[ing] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. The award of fees is within the discretion of the court and "may be made whether or not the removal was in bad faith." *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 471 (D.N.J. 2012).

## III. DISCUSSION

### a. Motion to Remand

Plaintiffs move to remand the case to state court, arguing that Defendants violated 28 U.S.C. § 1441(b)(2). Defendants claim that removal was proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction on the basis of diversity of citizenship. It is undisputed that the requirements for diversity of citizenship are met here— Plaintiffs are all citizens of Delaware, while Defendants are all citizens of New Jersey. The damages sought by Plaintiffs are $250,000,

in excess of the $75,000 required for diversity jurisdiction under 28 U.S.C. § 1332(a). No federal issue is alleged in this complaint.

The Court agrees, however, that Defendants ignored the statutory requirements of section 1441(b)(2) when they removed the matter to federal court. This action was removable solely on the basis of diversity under § 1332(a). However, Defendants, who were properly joined and served, are citizens of New Jersey, the state in which the action was brought. As such, § 1441(b)(2) plainly dictates the action may not be removed. Defendants make no other claim in support of their removal. Though diversity exists, the Court declines to exercise jurisdiction based on the § 1441(b)(2). Accordingly, the Motion to Remand is **GRANTED**.

   b. **Fees**

To justify their disregard of this provision of the removal statute, Defendants argue that the Third Circuit has ruled that 28 U.S.C. § 1441(b)(2) is a matter of removal procedure, rather than jurisdiction. Defendants cite to *Blackburn v. United Parcel Service*, 179 F.3d 81, 90 n.3 (3d Cir. 1999) for this proposition. While the Third Circuit did explain in *Blackburn* that a defect under § 1441(b) is waivable according to § 1447(c), the *Blackburn* court did not distinguish between jurisdictional and procedural mistakes when assessing the award of fees in a removal action, nor did the court decide a question of attorney's fees. *Id.* This Court has held that procedural defects do not automatically warrant the award of fees, and precedent suggests that a mistaken belief behind a procedural defect can support a defendants' reasonable basis for removal. *Burns v. Bos. Sci. Corp.*, No. CV1812323RBKAMD, 2019 WL 1238829, at *8 (D.N.J. Mar. 18, 2019). In the present case, however, Defendants assert no argument or mistake to support their noncompliance with § 1441(b).

Indeed, other courts in this Circuit have awarded fees for defects in removal when the defendant provided no reasonable explanation. *See Beautyman v. Spirit Airlines, Inc.*, No. CV 12-2011, 2012 WL 12897907, at *1 (E.D. Pa. May 30, 2012) ("Because Defendant squarely violated 28 U.S.C. § 1446(b) in removing this action, we find that he lacked an objectively reasonable basis for seeking removal and will award fees."). When the impropriety of removal is "evident from a mere reading of the removal statute" and "deficiencies reflect solely a disregard of applicable law," the award of fees is appropriate. *Moses v. Ski Shawnee, Inc.* No. CIV. A. 00-3447, 2000 WL 1053568, at *2 (E.D. Pa. July 31, 2000). Defendants provide no justification for their failure to consider § 1441(b)(2), and a simple reading of the statute at hand would have revealed that removal in this case was improper.

This case is not like other cases in which this court has declined to assess fees because those cases presented more complicated procedural defects than the bare disregard of the removal statute seen here. *See, e.g.*, *Burns*, 2019 WL 1238829, at *8–9 (declining to award fees when the defendants argued that removal was proper despite lacking unanimity because they believed the non-consenting defendants were improperly joined, providing an objectively reasonable basis for removal); *Owcen Loan Servicing LLC v. Masino*, No. CV 15-8699 (CCC), 2016 WL 4154139, at *3 (D.N.J. Aug. 2, 2016) (declining to award fees when a defendant attempted to remove in conflict with 1441(b)(2) because the defendant claimed the forum defendant was ineffectively served and fraudulently joined, constituting a reasonable basis for removal); *Tinsman v. Quarry Marine Trust I*, No. CIV. 13-2684 RBK/JS, 2013 WL 1986556, at *2 (D.N.J. May 13, 2013) (declining to award fees when the defendant incorrectly believed removal was timely); *Bauer v. Glatzer*, No. CIV. 07-4501 (AET), 2007 WL 4440213, at *3 (D.N.J. Dec. 17, 2007) (declining to award fees when the

defendant was mistaken as to the joinder of another party to the action). Defendants in the present case provide no such explanation or mistake.

Finally, an award of fees would be squarely within the spirit of *Martin*, which dictates that the court should balance the deterrence of frivolous removals with affording "defendants a right to remove as a general matter, *when the statutory criteria are satisfied.*" *Martin*, 546 U.S. at 133 (emphasis added). The statutory criteria of § 1441(b)(2) have been entirely ignored by Defendants here. Plaintiffs also contend that Defendants offer no support showing § 1442(b)(2) does not apply and do not contest New Jersey citizenship or service. (Doc. 6). The Court agrees. Accordingly, the Court will assess reasonable fees and costs to Defendant upon assessing Plaintiff's documentation of fees and costs. The Court does not wait to resolve the request for costs and fees before remanding this case. The Court retains jurisdiction after remand solely to adjudicate the request for costs and fees. *See Moses*, 2000 WL 1053568, at *2 (citing *Stallworth v. Greater Cleveland Reg. Transit Auth.,* 105 F.3d 252, 257 (6th Cir.1997)).

### IV. CONCLUSION

For the reasons contained herein, Plaintiffs' Motion to Remand and For Costs is **GRANTED.** An accompanying Order shall issue remanding the case to the Superior Court of New Jersey, Law Division, Cape May County and setting a schedule for submissions in connection with Plaintiffs' request for costs and fees.

Dated: 6/30/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge